**RECEIVED**
**AUG 0 1 2016**
RICHMOND & QUINN

IN THE ~~DISTRICT~~/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

| | |
|---|---|
| DELOYCHEET, INC.<br><br>Plaintiff(s),<br><br>vs.<br><br>SYLVAIN ANALYTICS, INC., AND<br>RAY SYLVAIN<br><br>Defendant(s). | CASE NO. 3AN-16- 7166 CI<br><br>SUMMONS AND<br>NOTICE TO BOTH PARTIES<br>OF JUDICIAL ASSIGNMENT |

To Defendant: Ray Sylvain

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) Katherine Demarest, whose address is: Dorsey & Whitney LLP, 1031 W. 4th Ave., Ste. 600, Anchorage, AK 99501.

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at www.courts.alaska.gov/forms.htm, to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

### NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

[X] This case has been assigned to Superior Court Judge PFIFFNER
    and to a magistrate judge.

[ ] This case has been assigned to District Court Judge _____

CLERK OF COURT

6-15-16
Date

By: _____ Deputy Clerk

I certify that on 6-15-16 a copy of this Summons was [ ] mailed [X] given to
[ ] plaintiff [X] plaintiff's counsel along with a copy of the
[ ] Domestic Relations Procedural Order [ ] Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk _____

Exhibit A
Page 1 of 9 Pages

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 ANCH (10/13)(st.3)                                   Civil Rules 4, 5, 12, 42(c), 55

Jahna M. Lindemuth (#9711068)
lindemuth.jahna@dorsey.com
Katherine Demarest (#1011074)
demarest.katherine@dorsey.com
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
Phone: (907) 276-4557
Fax: (907) 276-4152

Attorneys for Plaintiff Deloycheet, Inc.

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| DELOYCHEET, INC.,<br><br>　　　　　　　　Plaintiff,<br>vs.<br><br>SYLVAIN ANALYTICS, INC. AND RAY SYLVAIN,<br><br>　　　　　　　　Defendants. | Case No. 3AN-16-_____CI<br><br>**COMPLAINT** |

Plaintiff Deloycheet, Inc. states and alleges as follows:

**Parties**

1. Deloycheet, Inc. ("Deloycheet") is an Alaska Native Village Corporation formed under the Alaska Native Claims Settlement Act of 1971, 43 U.S.C. § 1606 *et. seq.* ("ANCSA") and Alaska law, doing business in the State of Alaska, with its principal place of business in Anchorage, Alaska. Deloycheet is in all ways competent to bring this action.

2. Sylvain Analytics, Inc. ("SAI") is an 8(a)-certified veteran and minority-owned small business located in Reston, Virginia, and is engaged in doing business in the

Complaint
Page 1 of 5

Exhibit A
Page 2 of 9 Pages

*Deloycheet, Inc. vs. Sylvain Analytics, Inc., et al.*
3AN-16-_____CI

Case 3:16-cv-00176-SLG   Document 1-1   Filed 08/12/16   Page 2 of 9

State of Alaska, among other places.

3. Ray Sylvain ("Sylvain") is President and Chief Executive Officer of Sylvain Analytics, Inc., and resides in Reston Virginia.

### Jurisdiction and Venue

4. Jurisdiction of this court is proper under AS 09.05.010 and AS 22.10.020.

5. This Court has personal jurisdiction over Defendants pursuant to AS 09.05.015.

6. Venue in this district is proper under Alaska Civil Rule 3, because the events and actions of Defendants that are the subject of this Complaint took place in Anchorage, Alaska, in the Third Judicial District.

### Facts Related to Underlying Case

7. Deloycheet's Chief Executive Officer, Trudy Sobocienski, and Sylvain met sometime prior to April 2011. In April 2011, Sobocienski and Sylvain caused Deloycheet and SAI to enter into a Teaming Agreement. No work was ever obtained or performed under the Teaming Agreement.

8. On February 2, 2012, Sobocienski and Deloycheet's Executive Vice President Corbett James Beach signed corporate documents to create their own company, Alaska Native Enterprise Developers ("ANED"). On February 7, 2012, Sobocienski and Beach sent a proposal to Sylvain for ANED to work for SAI. On February 27, 2012, Sylvain sent back to Sobocienski and Beach a first draft of a Management Agreement for their services. Sylvain, Sobocienski, and Beach finalized that agreement on or about

Complaint
Page 2 of 5

Exhibit A
Page 3 of 9 Pages

*Deloycheet, Inc. v. Sylvain Analytics, Inc., et al.*
3AN-16-_____ CI

Case 3:16-cv-00176-SLG    Document 1-1    Filed 08/12/16    Page 3 of 9

March 23, 2012. The agreement promised Sobocienski and Beach, through ANED, $240,000 in management fees and a 4% ownership interest in SAI.

9. Starting in February 2012, Beach and Sobocienski began meeting with potential investors for SAI and/or the contemplated joint venture.

10. On May 20, 2012, Ray Sylvain signed a Loan Agreement through which SAI would receive a $400,000 loan from Deloycheet, Inc. Sylvain and SAI agreed to repay the loan "in full on November 19, 2012" along with a Loan Fee of $80,000. (Contract attached as Exhibit A.)

11. Deloycheet's Board of Directors did not know about the loan agreement, and no one at Deloycheet signed it.

12. Trudy Sobocienski caused Deloycheet to wire $400,000 to SAI on May 21, 2012. SAI received the money.

13. Sobocienski and Beach resigned from their positions at Deloycheet effective May 25, 2012 in order to continue their work for SAI through ANED.

14. SAI paid Sobocienski and Beach $20,000 each for work they performed for SAI while also employed by Deloycheet, Inc., including their procurement of the $400,000 loan from Deloycheet to SAI.

15. Despite numerous demands, SAI has not returned the $400,000 paid by Deloycheet.

DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

Complaint
Page 3 of 5

Exhibit A
Page 4 of 9 Pages



Deloycheet, Inc. v. Sylvain Analytics, Inc., et al.
3AN-16-_____ CI

Case 3:16-cv-00176-SLG  Document 1-1  Filed 08/12/16  Page 4 of 9

### First Cause of Action (Breach of Contract: SAI)

16. Plaintiff re-alleges and incorporates the allegations contained in all preceding paragraphs of this Complaint as though fully set out forth herein.

17. SAI had a contractual duty to repay the loan to Deloycheet, plus interest.

18. SAI breached its duty to repay the loan.

19. As a direct and proximate result of such wrongful conduct, Deloycheet has suffered damages in any amount to be established at trial, and in event in excess of $400,000.

### Second Cause of Action (Aiding and Abetting Breach of Fiduciary Duties)

20. Plaintiff re-alleges and incorporates the allegations contained in all preceding paragraphs of this Complaint as though fully set out forth herein.

21. In their management positions at Deloycheet, Sobocienski and Beach owed fiduciary duties to Deloycheet, including the highest duty of loyalty.

22. Sobocienski and Breach breached their duties to Deloycheet.

23. SAI and Sylvain knew of Sobocienski and Beach's fiduciary duties to Deloycheet, and aided and abetted Sobocienski and Beach's breaches of those duties.

24. As a direct and proximate result of such wrongful conduct, Deloycheet has suffered damages in any amount to be established at trial, and in event in excess of $400,000.

DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

Exhibit A
Page 5 of 9 Pages

Complaint
Page 4 of 5

*Deloycheet, Inc. v. Sylvain Analytics, Inc., et al.*
3AN-16-____CI

Case 3:16-cv-00176-SLG   Document 1-1   Filed 08/12/16   Page 5 of 9

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. For an award of compensatory damages against Defendants, jointly and severally, in an amount to be determined at trial;

2. For an award of full attorney's fees and costs incurred in recovering Deloycheet's loss;

3. For such other relief as this Court deems appropriate.

DATED this 15th day of June, 2016, at Anchorage, Alaska.

DORSEY & WHITNEY LLP
Attorneys for Plaintiff

By: *Katherine Demarest*
Jahna M. Lindemuth, #9711068
Katherine Demarest, #1011074

DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

Complaint
Page 5 of 5

Exhibit A
Page 6 of 9 Pages

Deloycheet, Inc. v. Sylvain Analytics, Inc., et al.
3AN-16-____CI

Case 3:16-cv-00176-SLG   Document 1-1   Filed 08/12/16   Page 6 of 9

# LOAN AGREEMENT

THIS LOAN AGREEMENT (this "Agreement") dated this 19th day of May, 2012

BETWEEN:

    Deloycheet Incorporated of 525 W 3rd Ave, Anchorage, Alaska 99501
    (the "Lender")

OF THE FIRST PART

AND

    Sylvain Analytics, Incorporated of 12007 Sunrise Valley Drive, Suite# 105, Reston, VA 20191
    (the "Borrower")

OF THE SECOND PART

IN CONSIDERATION OF the Lender loaning certain monies (the "Loan") to the Borrower, and the Borrower repaying the Loan to the Lender, both parties agree to keep, perform and fulfill the promises and conditions set out in this Agreement:

### Loan Amount & Interest

1. The Lender promises to loan four hundred thousand ($400,000.00) USD, to the Borrower and the Borrower promises to repay this principal amount to the Lender, at such address as may be provided in writing, without interest payable on the unpaid principal.

### Payment

2. This Loan will be repaid in full on November 19, 2012.

3. At any time while not in default under this Agreement, the Borrower may pay the outstanding balance then owing under this Agreement to the Lender without further bonus or penalty.

### Default

4. Notwithstanding anything to the contrary in this Agreement, if the Borrower defaults in the performance of any obligation under this Agreement, then the Lender may declare the principal amount owing and interest due under this Agreement at that time to be immediately due and payable.

### Additional Clauses

5. A Loan Fee of eighty thousand dollars ($80,000.00) shall be paid to Lender upon the maturity of this Note and the repayment of the Principle.

Exhibit A
Page 7 of 9 Pages

EXHIBIT A, Page 1 of 4

6. The Loan Fee covers all costs of executing the loan including interest and process fees.

**Governing Law**

7. This Agreement will be construed in accordance with and governed by the laws of the State of Alaska.

**Costs**

8. All costs, expenses and expenditures including, without limitation, the complete legal costs incurred by enforcing this Agreement as a result of any default by the Borrower, will be added to the principal then outstanding and will immediately be paid by the Borrower.

**Binding Effect**

9. This Agreement will pass to the benefit of and be binding upon the respective heirs, executors, administrators, successors and permitted assigns of the Borrower and Lender. The Borrower waives presentment for payment, notice of non-payment, protest, and notice of protest.

**Amendments**

10. This Agreement may only be amended or modified by a written instrument executed by both the Borrower and the Lender.

**Severability**

11. The clauses and paragraphs contained in this Agreement are intended to be read and construed independently of each other. If any term, covenant, condition or provision of this Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable, it is the parties' intent that such provision be reduced in scope by the court only to the extent deemed necessary by that court to render the provision reasonable and enforceable and the remainder of the provisions of this Agreement will in no way be affected, impaired or invalidated as a result.

**General Provisions**

12. Headings are inserted for the convenience of the parties only and are not to be considered when interpreting this Agreement. Words in the singular mean and include the plural and vice versa. Words in the masculine mean and include the feminine and vice versa.

**Entire Agreement**

13. This Agreement constitutes the entire agreement between the parties and there are no further items or provisions, either oral or otherwise.

IN WITNESS WHEREOF, the parties have duly affixed their signatures under hand and seal on this 19th day of May, 2012.

SIGNED,
this 19th day of May, 2012.

|   |   |
|---|---|
| | Deloycheet Incorporated<br>per: _____ |
| SIGNED,<br>this 19th day of May, 2012. | Sylvain Analytics Incorporated<br>per: *[signature]*<br>President/CEO |

Exhibit A
Page 9 of 9 Pages